# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation of Supervised Release**) |
| v. | Case Number:  12-cr-00395-WYD-01 |
| | USM Number:  08557-062 |
| JOSEPH ALBERT ELLSWORTH | Scott Thomas Varholak, AFPD<br>(Defendant's Attorney) |

**THE DEFENDANT:**  Admitted guilt to violations 1 through 4, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Reside In/Comply with Rules of Residential Reentry Center (RRC) | 08/01/12 |
| 2 | Possession of Sexually Stimulating or Sexually Oriented Material | 08/01/12 |

The defendant is sentenced as provided in pages 3 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

November 20, 2012
<br>Date of Imposition of Judgment

s/ Wiley Y. Daniel
<br>Signature of Judge

Wiley Y. Daniel, Chief U.S. District Judge
<br>Name & Title of Judge

December 11, 2012
<br>Date

DEFENDANT:  JOSEPH ALBERT ELLSWORTH
CASE NUMBER:  12-cr-00395-WYD-01                              Judgment-Page 2 of 5

## ADDITIONAL VIOLATIONS

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| 3 | Use of Internet Service Without Permission of Probation Officer | 08/01/12 |
| 4 | Failure to Participate in Sex Offender Treatment as Directed by the Probation Officer | 08/02/12 |

DEFENDANT:  JOSEPH ALBERT ELLSWORTH
CASE NUMBER:  12-cr-00395-WYD-01                                    Judgment-Page 3 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of eight (8) months with credit for 54 days time served.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  JOSEPH ALBERT ELLSWORTH
CASE NUMBER:  12-cr-00395-WYD-01                                  Judgment-Page 4 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of twenty-six (26) months.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of  DNA as directed by the probation officer.

The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT:  JOSEPH ALBERT ELLSWORTH
CASE NUMBER:  12-cr-00395-WYD-01                            Judgment-Page 5 of 5

9)      The defendant shall not associate with any persons engaged in criminal activity and shall not
        associate with any person convicted of a felony, unless granted permission to do so by the
        probation officer.

10)     The defendant shall permit a probation officer to visit him at any time at home or elsewhere and
        shall permit confiscation of any contraband observed in plain view by the probation officer.

11)     The defendant shall notify the probation officer within seventy-two hours of being arrested or
        questioned by a law enforcement officer.

12)     The defendant shall not enter into any agreement to act as an informer or a special agent of a
        law enforcement agency without the permission of the court.

13)     As directed by the probation officer, the defendant shall notify third parties of risks that may be
        occasioned by the defendant's criminal record or personal history or characteristics, and shall
        permit the probation officer to make such notifications and to confirm the defendant's
        compliance with such notification requirement.

14)     The defendant shall provide the probation officer with access to any requested financial
        information.

### ADDITIONAL CONDITIONS OF SUPERVISION

1)      The defendant shall participate in a program of mental health treatment, as directed by the
        probation officer, until he is released from the program by the probation officer.   The defendant
        shall pay the cost of treatment as directed by the probation officer.  The court authorizes the
        probation officer to release to the treatment agency all psychological reports and/or the
        presentence report, for continuity of treatment.

2)      The defendant shall participate in and successfully complete an approved program of sex
        offender evaluation and treatment, which may include polygraph, plethysmograph and Abel
        examinations, as directed by the probation officer.  The defendant will be required to pay the
        cost of these evaluations and treatment.  The defendant shall comply with the rules and
        restrictions specified by the treatment agency.  The Court authorizes the probation officer to
        release psychological reports and/or the presentence report to the treatment agency for
        continuity of treatment.

3)      The defendant's use of computers and Internet access devices shall be limited to those the
        defendant requests to use, and which the probation officer authorizes.  The defendant shall
        submit his person, and any property, house, residence, vehicle, papers, computer, other
        electronic communications or data storage devices or media, and effects to search at any time,
        with or without a warrant, by any law enforcement or probation officer with reasonable suspicion
        concerning a violation of a condition of supervised release or unlawful conduct by the person,
        and by any probation officer in the lawful discharge of the officer's supervision functions.

4)      The defendant shall allow the probation officer to install software/hardware designed to monitor
        computer activities on any computer the defendant is authorized by the probation officer to use.
        The software may record any and all activity on the computer, including the capture of
        keystrokes, application information, Internet use history, email correspondence, and chat
        conversations.  A notice will be placed on the computer at the time of installation to warn others
        of the existence of the monitoring software on the computer.  The defendant shall not attempt to
        remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.

DEFENDANT:  JOSEPH ALBERT ELLSWORTH
CASE NUMBER:  12-cr-00395-WYD-01                                      Judgment-Page 6 of 5

5)      The defendant shall reside in a residential reentry center (RRC) for a period of up to six (6) months, to commence on upon release, and shall observe the rules of that facility.

6)      During the defendant's residential reentry center (RRC) stay, he shall comply with the rules of the RRC Location Monitoring Program (LMP) which includes passive Global Positioning Systems (GPS) tracking.  The defendant shall wear all necessary GPS tracking devices and comply with all other LMP rules/procedures specified by the RRC.  The RRC reserves the right to request reimbursement from the defendant for the full cost of any electronic monitoring equipment that is lost or intentionally damaged.